IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 07-051 (RMU) |
| ) | |
| MYTHILI GOPAL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**RESPONSE OF DEFENDANT MYTHILI GOPAL TO GOVERNMENT'S MOTION TO MODIFY DEFENDANT GOPAL'S CONDITIONS OF RELEASE**

Defendant Mythili Gopal, through her undersigned counsel, opposes the Government's attempt to impose additional conditions to those required by Magistrate Judge William Catoe of the United States District Court for the District of South Carolina. Despite her permanent residence status, her long-standing connections to the United States, her extensive ties to the local community, a $25,000 bond, and oversight by the Pretrial Service Agency, the Government bases its entire motion on its unfounded fear that Ms. Gopal is a flight risk.

The Bail Reform Act requires release of a defendant pending trial "unless a judicial officer determines that no conditions or combination of conditions exist which will 'reasonably assure the appearance of the person.'" United States v. Xulam, 84 F.3d 441, 442 (D.C. Cir. 1996) (per curiam) (quoting 18 U.S.C. § 3142). The Government concedes that Ms. Gopal should not be detained pending trial. It contends, however, that the Magistrate Judge failed to impose enough restrictions to ensure that Ms. Gopal does not flee the country. If a judicial officer determines that release on personal recognizance or unsecured bond is not sufficient to guarantee the appearance of a defendant, the Bail Reform Act requires that officer to impose the

2

"least restrictive further condition, or combination of conditions" to assure the appearance of the defendant. 18 U.S.C. § 3142(c).

The Bail Reform Act sets forth multiple factors to be considered by a judicial officer in determining which conditions are necessary to reasonably assure the appearance of a defendant. 18 U.S.C. § 3142(g). These include: the nature and circumstances of the offense charged, including whether it is a drug crime or one of violence; the weight of the evidence; the history and characteristics of the person, including community and family ties, length of residence, past conduct, and criminal history; and the danger the individual poses to the community if released. Id.

While admitting that Ms. Gopal "has strong ties to the United States," the Government insists that three facts override these factors: 1) the fact that Ms. Gopal is an Indian national with family in India; 2) the fact she faces a potentially long sentence; and 3) the fact that it might be difficult to extradite an individual from India.

The factors enumerated in the relevant law weigh heavily in favor of affirming Magistrate Judge Catoe's release despite the Government's concerns. Ms. Gopal has lived in the United States since 1995. She applied for permanent residence in 1996 and received it in 2000. In February of 2006, she applied to become a naturalized citizen.

Ms. Gopal has spent the last nine years of her life with her husband raising her two children in a suburb of Greenville, South Carolina. Her husband has worked in the Greenville area for the same company for the last nine years. Her 12-year-old son is currently in the 7th Grade at the Beck Academy. He plays soccer in the Carolina Elite Soccer Association and is studying the violin through the Arts Reaching Middle and Elementary School Kids program, a

10189997.1

3

community program. Ms. Gopal's 7-year-old daughter is completing the 2d Grade at Oakview Elementary, the local public school. She studies classical Indian dance with a community group. Ms. Gopal regularly volunteers to assist with her children's studies and activities, both in school and extracurricular. She is also active in the local religious community and assists regularly in organizing community religious functions. The factors enumerated in the Bail Reform Act exist to protect individuals such as Ms. Gopal who have extensive ties to their community.

Ms. Gopal's conduct of the past nine years and since her involvement in this matter supports the fact that she intends to stay in South Carolina. Simply put, Ms. Gopal has put down roots in South Carolina. Her life in South Carolina began long before the time period referenced in the Indictment. In addition, as the Government concedes, Ms. Gopal has complied with all of the conditions imposed upon her by Magistrate Judge Catoe. She has agreed to travel restrictions and her passport is in the possession of the United States.

Ms. Gopal has no criminal history. In addition, the Government does not argue that Ms. Gopal presents any danger to the community. At present, it is difficult to weigh the Government's evidence in this matter as it has not yet permitted Ms. Gopal's counsel the opportunity to review the materials seized in this case. One particular obstacle this presents is in distinguishing evidence relevant to Ms. Gopal from evidence relating to her co-defendant, who the Government identifies as the "ringleader" of the activities described in the Indictment.[1]

Perhaps concerned that the factors identified in the Bail Reform Act weigh too heavily in favor of Magistrate Judge Catoe's release, the Government attempts to shift focus to the fact that it may be difficult to extradite an individual in Ms. Gopal's case from India. The Court should

---

[1] Memorandum in Support of Detention of co-defendant Parthasarathy Sudarshan, at page 1.

10189997.1

4

not be moved by this. The Government's argument is based on supposition and possibilities. This factor is also not one identified in the Bail Reform Act as relevant to a determination concerning conditional release. In any event, Ms. Gopal's individual circumstances trump the Governments' concerns regarding extradition.

The above factors and relevant issues were reviewed by Magistrate Judge Catoe. Even if the applicable standard of review is *de novo*,[2] there is no evidence to suggest that Magistrate Judge Catoe exercised poor judgment in determining that the conditions he imposed are adequate to assure Ms. Gopal's appearance. As the Bail Reform Act requires the least restrictive conditions necessary, Magistrate Judge Catoe's decision should not be overturned.

---

[2] The case cited by the Government as establishing a *de novo* review, United States v. Hudspeth, 143 F.Supp.2d 32, 35-36 (D.D.C. 2001) (Kennedy), actually recognizes that the D.C. Circuit and other courts in the jurisdiction of the D.C. Circuit have not "ruled on the issue of the proper standard for reviewing a Magistrate Judge's decision regarding a defendant's release or detention pending trial." Id. at 36. Judge Kennedy reasoned that his decision would be the same under a *de novo* standard or otherwise. Id.

10189997.1

5

For the foregoing reasons, the Court should deny the Government's Motion to Modify Defendant Gopal's Conditions of Release.

                Respectfully submitted,

                NIXON PEABODY LLP

                /s/ Kelly B. Kramer_____
                Kelly B. Kramer (D.C. # 462049)
                401 9th Street, N.W.
                Suite 900
                Washington, D.C.  20004
                Phone:  (202) 585-8000
                Fax:  (202) 585-8080
                E-mail: kkramer@nixonpeabody.com

                Attorney for Ms. Gopal

10189997.1

6

## CERTIFICATE OF SERVICE

    I hereby certify that on the 17th day of April, 2007 a copy of the foregoing Response of Defendant Mythili Gopal to Government's Motion to Modify Defendant Gopal's Conditions of Release was filed electronically. Notice of this filing will be sent to all other counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                    /s/ Kelly B. Kramer
                                    Attorney for Ms. Gopal